UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HILDA CHEVEREZ,
    Plaintiff,                                                 Case No.:

v.                                                                 Division:

ORANGE COUNTY NATIONAL
GOLF CLUB LLC.,
    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, HILDA CHEVEREZ, (hereinafter referred to as "Plaintiff"), by and through undersigned legal counsel, and hereby brings this action for damages against the Defendants, ORANGE COUNTY NATIONAL GOLF CLUB LLC., (hereinafter referred to as "Defendants"), and states and alleges as follows:

**JURISDICTION, PARTIES AND VENUE**

1. Plaintiff brings this action for damages under 42 U.S.C §1981 ("Section 1981"), of the Civil Rights Act of 1964 for race discrimination, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq., and declaratory relief.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000 et seq.

3. Venue is proper pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the allegations in this Complaint occurred within this Judicial District and Defendant maintains a large business presence in this Judicial District.

4. Plaintiff is a citizen and resident of Florida and is otherwise *sui juris.*

5.  Defendant is Florida Corporation authorized to transact business in Florida, its principal place of business is 16301 Phil Ritson Way, Winter Garden, FL 34787 and maintains a large business presence in this District.

## GENERAL ALLEGATIONS

6.  Plaintiff has satisfied all conditions precedent. See Exhibit A.

7.  Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.  Plaintiff requests a jury trial for all triable issues.

9.  At all times herein, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

10. At all times herein, Defendant employed fifteen or more employees. This Defendant is an "employer" within the meaning of Title VII and the FCRA.

## FACTS

11. Plaintiff is Hispanic and a member of a protected class.

12. Plaintiff worked for Defendant as a Housekeeper in Tampa, FL since May 4, 2018.

13. During Plaintiff's employment, she had no prior write-ups or reprimands and was a good employee.

14. Notwithstanding, Plaintiff was terminated on September 9, 2018 after being falsely accused of stealing.

15. Defendant's reason for termination is pretext.

16. Tom Hord and Robert Taylor, whom are both Caucasian, engaged in a systematic scheme to frame Plaintiff for stealing and terminate Plaintiff based on her race, color and national origin and in retaliation for Plaintiff's complaints to General Manager Tom Hord against General Manager Robert Taylor for racial slurs.

17. Specifically, Robert Taylor made racial comments and slurs to Plaintiff such as, "go back to your country".

18. Plaintiff reported such treatment to Tom Hord and approximately three (3) weeks later, Tom Hord called the police and falsely accused Plaintiff of stealing and had her arrested. See Exhibit B.

19. No similarly situated Caucasian employee was subjected to such disparate treatment.

20. Defendant ignored Plaintiff's complaints and no remedial action was taken.

21. Instead, Tom Hord and Robert Taylor took adverse employment action against Plaintiff.

22. Defendant took adverse action against Plaintiff for engaging in protected activity under the FCRA and Title VII by terminating her employment and falsely accusing her of stealing.

23. Defendant's actions were willful and done with reckless disregard for Plaintiff's rights under the FCRA and Title VII.

## COUNT I: VIOLATION OF 42 U.S.C. §1981

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Plaintiff is a member of a protected class based on Plaintiff's race.

26. Plaintiff was subjected to disparate treatment by Defendant based on Plaintiff's race including being terminated based on her race.

27. The foregoing actions of Defendants constitute unlawful discrimination in violation of 42 USC 1981.

28. Defendant treated similarly situated white persons differently from Plaintiff.

29. At all times herein, Defendant acted maliciously, in bad faith, and with willful, callous, wanton and reckless disregard for Plaintiff's federally protected rights.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable loss and injury, including but not limited to, humiliation, embarrassment, emotional distress, mental anguish, loss of earnings and other employment benefits and job opportunities.

31. Plaintiff was injured due to Defendant's violations of 42 U.S.C. 1981, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendants for relief as follows:

a. A declaratory judgment finding the Defendants' actions violated 42 USC § 1981;
b. That process issues and that this Court take jurisdiction over this case;
c. An injunction restraining continued violation of law enumerated herein;
d. Compensation for lost wages, benefits, and other remuneration;
e. Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;
f. An award of compensatory damages for an amount that would fully compensate and make Plaintiff whole for his damages, including but not limited to humiliation, embarrassment, emotional distress, and mental anguish, caused by Defendants' violations of law as described herein;
g. An award of punitive damages to Plaintiff in an amount that would punish Defendants for the intentional, malicious, callous, bad faith, willful, wanton and reckless conduct alleged in this Complaint, and that would effectively deter Defendants from future discriminatory conduct;
h. Prejudgment interest on all monetary recovery obtained;
i. An award for attorneys' fees and costs pursuant to 42 U.S.C § 1988 and other applicable law; and
j. Any other relief the Court deems to be just, equitable and/or necessary.

### COUNT II: TITLE VII VIOLATION
### DISCRIMINATION

32.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

33. Plaintiff is a member of a protected class under Title VII.

34. Plaintiff was subjected to disparate treatment on the basis of her race and national origin; specifically, because she is Hispanic.

35. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or take prompt and effective remedial action in response.

36. Defendant's actions were willful and done with malice.

37. Plaintiff was injured due to Defendant's violations of Title VII, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendants for relief as follows:

   a. A jury trial on all issues so triable;
   b. That process issues and that this Court take jurisdiction over this case;
   c. An injunction restraining continued violation of law enumerated herein;
   d. Compensation for lost wages, benefits, and other remuneration;
   e. Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;
   f. Compensatory damages for an amount that would fully compensate and make Plaintiff whole for her damages, including but not limited to humiliation, embarrassment, emotional distress, and mental anguish, caused by Defendants' violations of law as described herein;
   g. Punitive damages to Plaintiff in an amount that would punish Defendants for the intentional, malicious, callous, bad faith, willful, wanton and reckless conduct alleged in this Complaint, and that would effectively deter Defendants from future discriminatory conduct;
   h. Prejudgment interest on all monetary recovery obtained;

   i. An award for attorneys' fees and costs incurred in prosecuting these claims; and

   j. Any other relief the Court deems to be just, equitable and/or necessary.

## COUNT III: TITLE VII RETALIATION

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

39. Plaintiff is a member of a protected class under Title VII.

40. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

41. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

42. Defendant has taken material adverse action against Plaintiff.

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendants for relief as follows:

   a. That process issues and that this Court take jurisdiction over this case;

   b. That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under Title VII;

   c. Compensation for lost wages, benefits, and other remuneration;

   d. Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights and all benefits;

   e. Front pay;

  f. Compensatory damages for an amount that would fully compensate and make Plaintiff whole for her damages, including but not limited to humiliation, embarrassment, emotional distress, and mental anguish, caused by Defendants' violations of law as described herein;

  g. Punitive damages to Plaintiff in an amount that would punish Defendants for the intentional, malicious, callous, bad faith, willful, wanton and reckless conduct alleged in this Complaint, and that would effectively deter Defendants from future discriminatory conduct;

  h. Prejudgment interest on all monetary recovery obtained;

  i. An award for attorneys' fees and costs incurred in prosecuting these claims; and

  j. Any other relief the Court deems to be just, equitable and/or necessary.

## COUNT IV: FCRA VIOLATION (DISCRIMINATION)

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

46. Plaintiff is a member of a protected class under FCRA.

47. Plaintiff was subjected to disparate treatment on the basis of her race and national origin; specifically, because she is Hispanic.

48. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

49. Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

  **WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendants for relief as follows:

  a. That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff because

      Plaintiff exercised or attempted to exercise her rights under the FCRA;

  b. Enter an injunction enjoining or permanently restraining Defendant from further continued violation of law enumerated herein;

  c. Award back pay to Plaintiff plus interest and all benefits;

  d. Award liquidated damages to Plaintiff;

  e. Compensatory damages for an amount that would fully compensate and make Plaintiff whole for her damages, including but not limited to humiliation, embarrassment, emotional distress, and mental anguish, caused by Defendants' violations of law as described herein;

  f. Punitive damages to Plaintiff in an amount that would punish Defendants for the intentional, malicious, callous, bad faith, willful, wanton and reckless conduct alleged in this Complaint, and that would effectively deter Defendants from future discriminatory conduct;

  g. Prejudgment interest on all monetary recovery obtained;

  h. An award for attorneys' fees and costs incurred in prosecuting these claims; and

  i. Any other relief the Court deems to be just, equitable and/or necessary.

## COUNT V: FCRA RETALIATION

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

51. Plaintiff is a member of a protected class under the FCRA.

52. Plaintiff exercised or attempted to exercise her rights under the FCRA, thereby engaging in protected activity under FCRA.

53. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating her employment.

54. Defendant has taken material adverse action against Plaintiff.

55. Defendant's actions were willful, knowing, voluntary, and otherwise done with malice and/or reckless disregard for Plaintiff's rights.

56. Plaintiff was injured due to Defendant's violations of FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendants for relief as follows:

a. That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise her rights under the FCRA;

b. Enter an injunction enjoining or permanently restraining Defendant from further continued violation of law enumerated herein;

c. Award back pay to Plaintiff plus interest and all benefits;

d. Award liquidated damages to Plaintiff;

e. Compensatory damages for an amount that would fully compensate and make Plaintiff whole for her damages, including but not limited to humiliation, embarrassment, emotional distress, and mental anguish, caused by Defendants' violations of law as described herein;

f. Punitive damages to Plaintiff in an amount that would punish Defendants for the intentional, malicious, callous, bad faith, willful, wanton and reckless conduct alleged in this Complaint, and that would effectively deter Defendants from future discriminatory conduct;

g. Prejudgment interest on all monetary recovery obtained;

h. An award for attorneys' fees and costs incurred in prosecuting these claims; and

i. Any other relief the Court deems to be just, equitable and/or necessary.

### COUNT VI: NEGLIGENT TRAINING AND INADEQUATE POLICIES AND PROCEDURES

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

58. Defendant owed a duty of reasonable care to the Plaintiff with respect to the training of employees in the prevention of discriminatory conduct which is safeguarded by Federal and state law.

59. Defendant owed a duty of reasonable care to adopt and implement adequate policies and procedures to prevent employees from continuing such discrimination to patrons.

60. Defendants breached this duty through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment, such negligence includes but is not limited to:

   a. Failing to provide and maintain a non-discriminatory work environment.
   b. Failing to adequately train their employees concerning the federal anti-discrimination laws.
   c. Failing to adequately train and supervise their employees.
   d. Failing to establish policies and procedures for protection of all patrons who seek to dine in Defendant's restaurant.

61. It was reasonably foreseeable to Defendants, that without proper implementations of such policies and procedures and/or training that an incident of discrimination would occur.

62. Each of the foregoing acts or omissions whether taken singularly or in any combination, was a proximate cause of the incidents and damages made the basis of this action.

63. Defendants' negligence was of such a character as to make Defendants guilty of gross negligence. The conduct of Defendants were in heedless and reckless disregard of the rights of Plaintiff, and involved a want of care so as to indicate a conscious indifference to the rights, welfare, and safety of Plaintiff.

64. Plaintiffs seek exemplary damages as may be found to be proper under the circumstances.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendants for relief as follows:

   a. Award compensatory damages for an amount that would fully compensate and make Plaintiff whole for her damages, including but not limited to humiliation, embarrassment, emotional distress, and mental anguish, caused by Defendants' violations of law as described herein;
   b. Punitive damages to Plaintiff in an amount that would punish Defendants for the intentional, malicious, callous, bad faith, willful, wanton and reckless conduct alleged in this Complaint, and that would effectively deter Defendants from future discriminatory conduct;
   c. Prejudgment interest on all monetary recovery obtained;
   d. An award for attorneys' fees and costs incurred in prosecuting these claims; and
   e. Any other relief the Court deems to be just, equitable and/or necessary.

### COUNT VII: MALICIOUS PROSECUTION

65. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

66. Defendant maliciously and without probable cause instituted a criminal prosecution against the Plaintiff. See Exhibit B.

66.     Defendant's acts and conduct as described above constituted the legal cause of the criminal prosecution against the Plaintiff.

67.     Defendant is liable for damages to Plaintiff caused by Defendant's failure to take efforts to cease the prosecution of the Plaintiff after Defendant knew or should have known that there was a complete lack of any evidence that Plaintiff had committed a crime.

68.     Plaintiff's criminal prosecution resulted in a bona fide termination on the merits of the case. See Exhibit C.

69.     As a direct and proximate cause of the Defendant's conduct, Plaintiff suffered extreme damages, including but not limited to emotional injury, great pain and suffering, damage to his reputation, loss of earning and loss of ability to earn money in the future. These losses are permanent and continuing and the Plaintiff will suffer these losses in the future.

70.     Defendant's actions were malicious, willful, wanton and evidence a deliberate disregard for Plaintiff's right to be free from arrest without probable cause, particularly where the Defendant failed to fully and completely investigate the facts before reporting the incident to the Police Department.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendants for relief as follows:

> a. Award compensatory damages for an amount that would fully compensate and make Plaintiff whole for her damages, including but not limited to humiliation, embarrassment, emotional distress, and mental anguish, caused by Defendants' violations of law as described herein;
>
> b. Punitive damages to Plaintiff in an amount that would punish Defendants for the intentional, malicious, callous, bad faith, willful, wanton and reckless conduct alleged in this Complaint, and that would effectively deter Defendants from future discriminatory conduct;

c. An award for attorneys' fees and costs incurred in prosecuting these claims; and

d. Any other relief the Court deems to be just, equitable and/or necessary.

### PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as a matter of right and prays that the Court grant relief as stated herein.

Respectfully submitted,

Dated this 10 day of June 2020.

**BLACK ROCK TRIAL LAWYERS**

By:_____
Gil Sanchez, Esq.
Florida Bar Number: 735981
Sabrina Franco, Esq.
Florida Bar Number: 1017076
201 S. Westland Ave.
Tampa, Florida 33606
(813) 254-1777 Office
(813) 254-3999 Facsimile
gil@blackrocklaw.com
sabrina@blackrocklaw.com
**Attorneys for Plaintiff**